

Gary Franco
45-605 Sago Palm Circle
Indio, CA 92201

Debtor in Pro Per

UNITED STATES BANKRUPTCY COURT

Central District of California

| | |
|---|---|
| ]In re  GARY FRANCO,<br>      *Debtor* | Case No.: 6:14-bk-14325-WJ<br><br>Chapter 7 |
| GARY FRANCO,<br>      *Plaintiff* | Adversary Pro. No.: |
| v.<br><br>SALLIE MAE<br>      *Defendant* | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN** |

**Complaint to Determine Dischargeability
of Student Loan**

**COMES NOW**, GARY FRANCO, ("Plaintiff") in Pro Se for his complaint against SALLIE MAE ("Defendant") and alleges as follows:

1. The Debtor filed this case under chapter 7 of the Bankruptcy Code on April 3, 2014  This Court thus has jurisdiction over this action under 28 U.S.C. § 1334.  This proceeding is a core proceeding.

2. One of the unsecured debts owing by the Debtor and listed in Schedule F is a student loan owing to Defendant Sallie Mae.

3. The Defendant PAUL G. CHILD is the executive director of the SALLIE MAE and is responsible for the overall operation of the guaranteed student loan program.

4. This loan was incurred to pay expenses at ITT TECHNICAL SCHOOL.

5. Subsequent to beginning coursework at that school, the Debtor learned that the school did not offer job placement. Debtor failed to receive any assistance in job placement and has since been without any luck in locating a job to implement his studies.

6. The Debtor was unable to transfer to any other educational program, and was also refused any refund of the tuition paid by the student loan.

7. Since that time, the Debtor has been unemployed in the field he received education within, and the sole source of income for himself, his wife and unborn child has been employment in retail, which barely suffices for the necessities of life.

8. The Debtor has no current or anticipated available income or resources with which to pay the aforementioned loan and any payments on that loan could be made only at great hardship to the Debtor and his family.

WHEREFORE, the Debtor prays that this Court enter an Order declaring the student loan debt of the Debtor to be dischargeable in this bankruptcy case.

Date: July 1, 2014

_____
Gary Franco, Debtor in Pro Per

Complaint for Dischargeability of Student Loan

FORM B104 (08/07)                                                                                           2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Gary Ray Franco | DEFENDANTS<br>Sallie Mae |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>45-605 SAGO PALM CIRCLE<br>INDIO, CA 92201 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

(continued next column)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                           2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** ||||
|---|---|---|---|
| **NAME OF DEBTOR** Sallie Mae || **BANKRUPTCY CASE NO.** 6:14-bk-14325 ||
| **DISTRICT IN WHICH CASE IS PENDING** Central | **DIVISIONAL OFFICE** Riverside || **NAME OF JUDGE** Hon. Wayne Johnson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** || **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*[signature]*

**DATE** 7/7/14

**PRINT NAME OF ATTORNEY (OR PLAINTIFF)** GARY RAY FRANCO JR

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.